CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 27 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ALLEN L. FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:20cv00042 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RICKY WAYNE COOK, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Allen Farmer, an employee of EBI, LLC ("EBI"), was injured when he—and the forklift that he was driving—fell off the back of a tractor trailer operated by Ricky Wayne Cook, an employee of Williams Transportation.  Farmer sued Cook for negligence but Cook argues that the Virginia Workers' Compensation Act bars any action against him. Because the services Cook was performing for EBI at the time of Farmer's injuries were indispensable to EBI's day-to-day business and would normally be conducted by EBI employees themselves, the Act considers Cook a statutory employee of EBI and thus bars Farmer from bringing this suit against him. Therefore, the court will grant Cook's motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 24, 2018, Plaintiff Allen Farmer was working for EBI, a furniture manufacturing company, using a forklift to load EBI's products and materials onto the back of a tractor trailer. Defendant Ricky Cook was operating a tractor trailer at the EBI plant in Danville for his employer, Williams Transportation, which was "independently contracted with by . . . EBI, . . . to transport products from their plant in Danville, Virginia . . . ." (Compl. ¶ 3 [ECF No. 1-1].) According to Mr. Cook, his sole responsibility was to move products

between EBI's manufacturing facility and its warehouse. (Dep. of Ricky Cook 12:2–7, Nov. 6, 2020 [ECF No. 11-2].) Mr. Cook had worked at the EBI warehouse every workday for at least the preceding six months. (*Id.* at 9:18–22.) Mr. Farmer alleges that, while he was loading the tractor trailer, Mr. Cook "pulled his vehicle away from the loading dock, causing [Mr. Farmer] and the forklift to fall out of the back of the trailer." (Compl. ¶ 7.) As a result, Mr. Farmer sustained serious injuries to his head, back, neck, shoulder, and hands.

Mr. Farmer originally filed suit in Danville Circuit Court alleging a single count of negligence and requesting judgment in the amount of $500,000. On July 20, 2020, Mr. Cook removed the action to this court, and the court entered a pretrial order on that date. (ECF No. 4.) Mr. Cook filed an Answer on August 10 and, when this case was transferred to the undersigned on November 2, the court entered its standard scheduling order. (ECF No. 8.) On December 4, Mr. Cook filed the instant motion for summary judgment. (ECF No. 10.) On December 18, Mr. Farmer filed a purported Motion for Extension of Time to Complete Discovery & Opposition to Defendant's Summary Judgment. (ECF No. 13.) And on January 4, 2021, the court entered an order construing Mr. Farmer's motion for extension of time as a notice under Fed. R. Civ. P. 56(d) that he cannot properly respond to the motion for summary judgment without further discovery because certain facts are unavailable to him. *See* Fed. R. Civ. P. 56(d)(2) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . .").

The court ordered that the hearing set for January 19, 2021, would proceed as scheduled and the parties should be prepared to argue both the Rule 56(d) issue and the merits

of the motion for summary judgment on the present record. Having heard those arguments,

read the parties' briefs, reviewed the relevant evidence in the record, and considered applicable

law, the motion is ripe for decision.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(a), the court must "grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v.

EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court

should consider "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a

fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are

irrelevant or unnecessary will not be counted." *Id.* (citation omitted). The moving party bears

the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477

U.S. at 323. If that burden has been met, the nonmoving party must then come forward and

establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts

and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*,

710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an

'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is

to be believed, and all justifiable inferences are to be drawn in his favor.'" *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The nonmoving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" *Glynn*, 710 F.3d at 213 (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 244 (4th Cir. 1992).

Under Rule 56, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may allow additional "time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d)(2).

### THE VIRGINIA WORKERS' COMPENSATION ACT

Virginia law controls this diversity action. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938). The Virginia Workers' Compensation Act, Va. Code Ann. § 65.2-100, *et seq.* ("the Act"), precludes an employee from bringing suit for negligence against his employer or his co-

- 4 -

employee for an injury he or she sustains in the course of his or her employment. *See* Va. Code Ann. § 65.2-307 (2020). "The Act contains an exception that allows an injured employee to bring a claim against an 'other party.'" *Harris v. Freight Handlers, Inc.*, Case No. 1:19cv00003, 2019 U.S. Dist. LEXIS 194522, at *15 (W.D. Va. Nov. 8, 2019) (quoting Va. Code Ann. § 65.2-309(A)). "[T]o be an 'other party,' a defendant must have been a stranger to the trade, occupation, or business in which the employee was engaged when he was injured." *Peck v. Safeway Steel Prods., Inc.*, 262 Va. 522, 525 (2001). "Whether a third party is engaged in the trade, occupation, or business of the employer 'depends upon the facts and circumstances in each case, and for that reason the question does not readily yield to categorical or absolute standards.'" *Conlin v. Turner's Express, Inc.*, 229 Va. 557, 559 (1985) (quoting *Bassett Furniture v. McReynolds*, 216 Va. 897, 902 (1976)); *see also Hayden v. Kroger Co.*, 17 F.3d 74, 77 (4th Cir. 1994) ("It is clear that the determination of whether a subcontractor is an owner's statutory employee is a fact[-]specific inquiry.").

As a general matter, when "an independent contractor is performing work that is part of the trade, business, or occupation of the employer, the contractor is not an 'other party' against whom an action will lie." *Conlin*, 229 Va. at 559 (citing *Floyd v. Mitchell*, 203 Va. 269, 274 (1962)). To determine whether the work being performed is part of the employer's business:

> The test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction[,] or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether this indispensable activity is, in that business, [n]ormally carried on through employees rather than independent contractors.

*Shell Oil Co. v. Leftwich*, 212 Va. 715, 722 (1972) (cleaned up); *Hayden*, 17 F.3d at 76.

In this case, the undisputed evidence in the record establishes that moving goods and materials necessary to EBI's furniture production between its warehouse and its production facility was an indispensable activity that would normally be carried out through employees rather than independent contractors. Indeed, EBI would not be able to conduct its business without having its goods and materials in the proper locations, and thus, but for hiring Williams Transportation (or another transportation company) to do the moving for them, EBI would have had its own employees perform the task.

The facts of the Virginia Supreme Court's decision in *Conlin* are virtually identical to the those in this case, and the Supreme Court's analysis is determinative. In *Conlin*, Vencenza Conlin, a Ford Motor Co. employee, was injured when, while driving a forklift to load Ford machinery and parts onto a Turner's Express tractor trailer, the floor of the tractor trailer collapsed, causing Conlin and the forklift to fall. *Conlin*, 229 Va. at 558. The Virginia Supreme Court held that "transporting machinery and parts from one plant to another was an essential element of Ford's business. Therefore, because Turner's Express was engaged in Ford's trade, business, or occupation, Turner's Express was not an 'other party' whom Conlin could sue." *Id.* at 559; *see also Floyd*, 203 Va. at 274 (holding that moving trailers and loading product was part of the trade, business, or occupation of an iron foundry).

Like Conlin, Mr. Cook (through Williams Transportation) was hired to shuttle EBI's goods and materials between EBI's facilities, an essential element of EBI's business. For that reason, Mr. Cook was a statutory employee of EBI, and Virginia law does not permit Mr.

Farmer to sue him for negligence. Mr. Farmer's only recourse is a workers' compensation action.

Mr. Farmer cites to another decision of the Virginia Supreme Court, *Cinnamon v. International Business Machines Corp.*, 238 Va. 471 (Va. 1989), arguing that this decision, which came after *Conlin*, calls into question the court's analysis and holding in the earlier case. But the facts of *Cinnamon* are materially different from those in *Conlin* (and this case), and this reliance is unavailing. In *Cinnamon*, IBM hired Pike and Son, Inc., and Paschen Contractors, Inc., to build it a new "Semiconductor Manufacturing Building." *Id.* at 473. Pike subcontracted the painting to O.B. Cannon and Son, Inc., and one of its employees, Michael Cinnamon, was grievously injured when he fell from a trestle where he was working. *Id.* at 473–74. The Virginia Supreme Court held that, "[a]s a general rule, the several trades involved in construction work are not part of the business of manufacturing products for sale." *Id.* at 478 (citing *Bassett Furniture*, 216 Va. at 899–904). "'Every manufacturer must have a plant, but this fact alone does not make the work of constructing a plant part of the trade or business of every manufacturer who engages a contractor to construct a plant.'" *Id.* (quoting *Raines v. Gould, Inc.*, 343 S.E.2d 655, 659 (S.C. Ct. App. 1986)). On the facts alone, *Cinnamon* is inapplicable to the case at bar.

Admittedly, some language in *Cinnamon* highlights the somewhat amorphous approach Virginia has taken to the "statutory employer" analysis. In *Cinnamon*, the court expressly said it was not going to apply *either* of the tests it had previously set out in *Shell Oil Co.*, even though its language made no indications of an intent to overrule those tests. *See id.* ("[W]e find it unnecessary to apply either prong of the *Shell Oil* test. Indeed, that test is only a corollary guide,

sometimes useful but not indispensable, in applying the literal language of the statutes to the facts in a particular case."). But even granting that the tests used by Virginia courts are "corollary guides," the clear applicability of *Conlin,* which is still good law in Virginia, should, and the court believes does, control the outcome of this case. *See, e.g., Vaughn v. Sears Logistics Servs., Inc.*, No. 6:12-cv-00059, 2013 WL 3245151, at *9 (W.D. Va. June 26, 2013) (noting approvingly the holding in *Conlin* and reaching consistent conclusion by applying the "subcontracted fraction of a main" test from *Shell Oil*); *Pennell v. Hudson's Serv. Ctr., Inc.*, 95 Va. Cir. 202 (2017) (applying *Conlin* and holding that a tow truck operator was engaged in the trade, business, or occupation of a vehicle mechanic when moving vehicles from one lot to another). Because EBI engaged an independent contractor—Williams Transportation, and accordingly Mr. Cook—to "perform . . . work which [was] part of [EBI's] trade, business[,] or occupation," Va. Code Ann. § 65.2-302, Mr. Farmer's action is not permissible under Virginia law, and Mr. Cook is entitled to summary judgment.

## TIMING OF SUMMARY JUDGMENT

Finally, Mr. Cook argues that, under Rule 56(d), the court should refrain from ruling on the merits of Mr. Farmer's motion until more discovery has been conducted.[1] Mr. Cook argues that corporate-designee depositions from EBI and Williams Transportation, *see* Fed. R. Civ. P. 30(b)(6), or the depositions of other employees on the loading dock that day, would be beneficial, without offering a convincing explanation as to how that additional evidence might

---

[1] The court notes that Rule 56(d) requires a showing "by affidavit or declaration" that a party "cannot present facts to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d). No such affidavit or declaration was filed, although the court construed Mr. Farmer's filing as a notice under Rule 56(d). (*See* Order, Jan. 4, 2021 [ECF No. 15].)

alter the determinative facts that the parties have already established through discovery to date.[2] The court is not persuaded that any of those individuals would be in a position to offer evidence that would alter the legal analysis that controls this case. Under Virginia law, the court is only concerned with the activities of the parties "at the precise time of the accident." *Rice v. VVP Am., Inc.*, 137 F. Supp. 2d 658, 669 (E.D. Va. 2001) ("At oral argument, Binswanger argued that the Court should determine whether Rice was its statutory employee by focusing on all of Rice's actions during her visit to Binswanger on the day of the accident. Based on the relevant case law, however, the Court is of the opinion that the proper focus is on Rice's activity at the precise time of the accident.") (collecting cases). There is no dispute among the parties that, at the time Mr. Farmer was injured, Mr. Cook was exclusively engaged in "intrafacility deliveries" for EBI, and that he had been for at least six months prior to the accident. *See Harris*, 2019 U.S. Dist. LEXIS 194522, at *16. Any other facts about the nature of the contract between EBI and Williams Transportation would not alter that controlling fact. Neither would evidence from other employees that, at other times, Williams Transportation employees—or Mr. Cook specifically—engaged in activities that were not part of EBI's "trade, occupation, or business." Even if the employees so testified, that would not alter the legal conclusion to be drawn from the facts. *Cf. Rice*, 137 F. Supp. 2d at 669–70 (holding that, *at the precise time of her injury*, the plaintiff was acting as a stranger to the defendant's business and thus

---

[2] Although the parties did not fully disclose the extent of the discovery conducted to date, this case was filed in state court on June 22, 2020, and removed to this court on July 20. (*See* ECF No. 1.) The Hon. Jackson L. Kiser entered a scheduling order that same day. (ECF No. 4.) Depositions of at least three witnesses—Mr. Farmer, Mr. Cook, and Russell Deel, a team leader at EBI—were conducted on November 16, 2020 (ECF Nos. 11-2, 11-3, 11-4, and 14-1). Mr. Farmer also made his Rule 26(a)(1)(A) disclosures on December 2 (*see* ECF No. 9) before filing the present motion for summary judgment on December 4 (ECF No. 10). Tellingly, Mr. Farmer does not contend he was unable to depose additional witnesses in the five months this case has been pending.

the Act did not bar her action, even though she often performed work that, had she been injured while performing *those* actions, the Act would have barred her recovery).

Accordingly, the court finds that further discovery would not alter the legal conclusion that Mr. Cook was a "statutory employee" of EBI at the time of his injury, and thus this action is barred by the Act. Further discovery is neither necessary nor prudent. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." (emphasis added)); *Zipit Wireless Inc. v. Blackberry Ltd.*, No. 6:13-cv-02959-JMC, 2016 WL 5933975, at *8 n.9 (D.S.C. Oct. 12, 2016) (same); *Rasnick v. Dickenson Cnty. Sch. Bd.*, No. 2:03CV00038, 2003 WL 21432562, at *3 (W.D. Va. June 12, 2003); *Banks v. Mannoia*, 890 F. Supp. 95, 98 (N.D.N.Y. 1995) ("Although Rule 56 allows courts to consider depositions, answers to interrogatories, and admissions on file in ruling on summary judgment motions, it does not require that discovery take place before a motion for summary judgment may be considered."); *see also* Fed. R. Civ. P. 1 (noting that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Mr. Cook is entitled to summary judgment.

## CONCLUSION

Because Mr. Cook was a "statutory employee" of EBI at the time of his accident, Virginia law bars a negligence action against him for Mr. Farmer's injuries. The court will enter summary judgment for Mr. Cook.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 27th day of January, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE